KEAUKAHA–PANAEWA COMMUNITY ASSOCIATION, Keaukaha–Panaewa Farmers Association, Isabel Leinani Knutson, Erma Kalanui, and April Kamakaokalanimalunao'e Kalanui, by her guardian ad litem, Erma Kalanui, individually and on behalf of all persons similarly situated, Plaintiffs,

v.

HAWAIIAN HOMES COMMISSION, Billie Beamer, in her capacity as Chairman of the Hawaiian Homes Commission, The Department of Hawaiian Home Lands, County of Hawaii, Edward Harada, in his capacity as Chief Engineer, County of Hawaii, and Jas. W. Glover, Ltd., a Hawaii Corporation, Defendants.

Civ. No. 75–0260.

United States District Court,
D. Hawaii.

Nov. 26, 1980.

Ronald Albu, Legal Aid Society of Hawaii, Honolulu, Hawaii, Ben H. Gaddis, Legal Aid Society of Hawaii, Hilo, Hawaii, for plaintiffs.

George K. K. Kaeo, Jr., Deputy Atty. Gen., Wayne Minami, Atty. Gen., Honolulu, Hawaii, for defendants Hawaiian Homes Commission, Billie Beamer, and the Department of Hawaiian Home Lands.

Bruce M. Ito, Asst. Corp. Counsel, Stephen G. Bess, Corp. Counsel, Hilo, Hawaii, for defendants County of Hawaii and Edward Harada.

ORDER VACATING INJUNCTION AND DISMISSING COMPLAINT (WITH LEAVE TO AMEND)

SAMUEL P. KING, Chief Judge.

Keaukaha–Panaewa Community Association, Keaukaha–Panaewa Farmers Association, Isabel Leinani Knutson, Erma Kala-

nui, and April Kamakaokalanimalunao'e Kalanui, by her guardian *ad litem*, Erma Kalanui, individually and on behalf of all persons similarly situated, filed this suit as a class action on July 23, 1975, against the Hawaiian Homes Commission, Billie Beamer, in her capacity as Chairman of the Hawaiian Homes Commission, the Department of Hawaiian Home Lands (together "State Defendants"), the County of Hawaii, Edward Harada, in his capacity as Chief Engineer, County of Hawaii, and Jas. W. Glover, Ltd., a Hawaii corporation, seeking a declaratory judgment that the County's use of Hawaiian home lands for the Waiakea–Uka Flood Control Project ("Project") is illegal, and an injunction halting further construction of the Project. Plaintiffs' complaint alleges jurisdiction as follows:

> Jurisdiction is conferred on this Court by 28 USC § 1331. The matter in controversy exceeds $10,000.00 in value, exclusive of interest and costs. In addition, this Court has jurisdiction under 28 USC §§ 1343(3) and (4) because Defendants while acting under color of law deprived the Plaintiffs of certain rights and privileges guaranteed them by the Hawaii State Admissions Act of 1959, 7[3] Stat. 4.[1]

Each of the five claims of the complaint alleges a violation of section 204 of the Hawaiian Homes Commission Act, ch. 42, 42 Stat. 108 (1921) ("Commission Act"). The fifth claim in addition alleges violations of sections 4 and 5 of the Hawaii Admission Act, Pub.L. No. 86–3, 73 Stat. 4 (1959) ("Admission Act"), and of article XI of the Hawaii Constitution.[2] Evidently, Plaintiffs assert § 1331 jurisdiction as the basis for all

five claims and § 1343 jurisdiction as an additional jurisdictional basis for the fifth claim.

Rule 12(b) motions to dismiss for lack of jurisdiction were filed by the various Defendants in this case and were heard by this Court on September 29, 1975. State Defendants, in their Motion to Dismiss filed on September 19, 1975, took the position that this Court lacks jurisdiction over the subject matter of this action because neither the Commission Act nor the Admission Act is a federal law: they argue that § 1331 jurisdiction requires that the action "arise under the Constitution, laws or treaties of the United States," that § 1343 jurisdiction requires that there be a "deprivation . . . of [a] right, privilege or immunity secured by the Constitution of the United States or by [an] Act of Congress . . .," 28 U.S.C. § 1343(3), or an action for "relief under [an] Act of Congress . . .," 28 U.S.C. § 1343(4), and that therefore, absent any federal law upon which to base the action, Plaintiffs did not state a cause of action over which this Court has jurisdiction.[3] On September 30, 1975, this Court, in its Denial of Motions to Dismiss, ruled that under 28 U.S.C. § 1331 it has jurisdiction over actions arising under either the Commission Act or the Admission Act.[4] Nowhere in its decision did this Court discuss § 1343 jurisdiction, since it was not necessary to reach that issue.[5]

Plaintiffs filed a Motion for Partial Summary Judgment and Permanent Injunction on March 22, 1976, seeking summary judgment on their second, third, fourth, and fifth claims, and seeking declaratory and injunctive relief. The Court, in its Order filed September 1, 1976, granted Plaintiffs' motion for partial summary judgment, or-

---

**1.** Complaint, at ⸢ 3, p. 2; Amended Complaint, at ¶ 3, p. 2.

**2.** In accordance with the compact between the United States and the State of Hawaii set forth in § 4 of the Admission Act, article XI of the Hawaii Constitution adopts the Commission Act as a law of the State.

**3.** The other Defendants took substantially similar positions in their motions to dismiss.

**4.** The ruling relied on this Court's decision in *Kila v. Hawaiian Homes Commission, et al.*, Civil No. 74–12 (D. Hawaii, September 17, 1974), wherein the Court stated that the Commission Act "appears to be a Federal law, a State law, and also the substance of a compact between the United States and the State of Hawaii," *id.* at 3–4.

**5.** On October 14, 1975, Plaintiffs amended their complaint to seek further injunctive relief, and on October 24, 1975, the class was certified.

dered Defendants to complete a land exchange, enjoined Defendants from using the Project until the Court approved a schedule for the land exchange, and specifically retained jurisdiction to oversee the land exchange.[6]

State Defendants on September 28, 1976, noticed their appeal to the Ninth Circuit Court of Appeals from this Court's Order of September 1, 1976.[7] On appeal, Defendant–Appellants renewed their jurisdictional attack with respect to § 1331 as well as addressing the merits of this Court's Order. The Court of Appeals heard argument on April 20, 1978, and on the request of the court, the Department of Justice filed an *amicus curiae* brief on the jurisdictional issue on July 3, 1978.[8] On September 18, 1978, the Ninth Circuit filed its Opinion, which discusses the existence of a private right of action and of federal question jurisdiction under the Admission Act and under the Commission Act, concluding:

> Thus, we hold that plaintiffs' claims which are based on the Hawaii Admission Act must be dismissed on the ground that the Act does not provide an implied individual cause of action. This is a dismissal on the merits. *Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946). Plaintiffs' claims which are based on the Commission Act must be dismissed for lack of federal subject matter jurisdiction.
>
> REVERSED.

588 F.2d 1216, 1227 (9th Cir.1978) (footnote omitted). Because the Ninth Circuit considered the existence of a private right of action to be the threshold issue, it did not reach the issue of § 1331 jurisdiction with respect to the Admission Act. *Id.* at 1220. Nor does the Opinion discuss § 1343 jurisdiction. Plaintiff–Appellees on October 16, 1978, filed Appellees' Petition for Rehearing and Suggestion of Appropriateness for Rehearing In Banc, and on January 9, 1979, the Ninth Circuit filed an Amendment of Opinion and Denial of Rehearing.

On January 17, 1979, Mandate issued from the Ninth Circuit to this Court, wherein it was filed on January 23, 1979. The Mandate consists of the Opinion (and Amendment) and the Judgment of the United States Court of Appeals for the Ninth Circuit, which states: "ON CONSIDERATION WHEREOF, It is now here ordered and adjudged by this Court, that the judgment of the said District Court in this Cause be, and hereby is reversed." Although neither the Judgment nor the Opinion explicitly remands the case to this Court with instructions to dismiss, such is the implicit import of the Mandate, given the language of the Opinion quoted above. This Court specifically rejects the suggestion of State Defendants, in their letter to this Court of November 21, 1979, that "the dismissal by the Ninth Circuit is self–executing and that the . . . case has been and is dismissed," *id.* at 3. When the Ninth Circuit enters judgment, judgment is entered in the Ninth Circuit Court of Appeals and not in the District Court.[9]

Plaintiffs on April 9, 1979, filed a Petition for Writ of Certiorari in the United States Supreme Court, which was denied on October 1, 1979, 444 U.S. 826, 100 S.Ct. 49, 62 L.Ed.2d 33 (1979).[10]

On May 5, 1980, Plaintiffs filed a Motion to Set Aside Judgment, seeking to have this Court set aside "its Order for Dismissal entered herein on December 3, 1979," *id.* at 1. No such order for dismissal was entered; this Court therefore denies Plaintiffs' motion as moot.

---

6. Findings of Fact; Declarations and Conclusions of Law; Order, at 11.

7. No. 77–1044. Although not evident from the briefs of the parties or *amicus*, the appeal apparently was taken by Defendant–Appellants pursuant to 28 U.S.C. § 1292(a)(1), which, *inter alia*, grants the courts of appeals jurisdiction over appeals from orders of district courts granting injunctions.

8. In none of the briefs of the parties or *amicus* is there any reference to § 1343 jurisdiction.

9. This is so despite the clerical error in entering on the *Keaukaha* docket sheet in this Court the words "case dismissed" on the same line with "Judgment from 9th CCA–Jdgmt of DC REVERSED."

10. No. 78–1539.

395

The present status of the instant case thus is that on an interlocutory appeal of this Court's Order granting injunctive relief, the Ninth Circuit Court of Appeals has reversed this Court on the issue of § 1331 jurisdiction with respect to claims under the Commission Act and on the existence of a private right of action under the Admission Act, and implicitly has remanded the action to this Court with instructions to dismiss accordingly.

Plaintiffs' Commission Act and Admission Act claims therefore must be dismissed. However, Plaintiffs' complaint also alleges jurisdiction based on § 1343(3) and (4), and this Court specifically reserves jurisdiction to determine its jurisdiction on this basis.[11] Due to the manner in which Plaintiffs' complaint is drawn, this Court is unable to separate Plaintiffs' claims based on § 1331 jurisdiction from claims based on § 1343 jurisdiction, as is necessitated by the present posture of this case in light of the Opinion of the Ninth Circuit. Therefore, this Court dismisses Plaintiffs' complaint in its entirety, with leave to amend solely with respect to claims based on §§ 1343(3) and (4) jurisdiction.

Accordingly, IT IS HEREBY ORDERED that this Court's Order of September 1, 1976, is VACATED, that Plaintiffs' Motion to Set Aside Judgment is DENIED, and that Plaintiffs' Amended Complaint is DISMISSED, with leave to amend within sixty days solely with respect to Plaintiffs' claims based on §§ 1343(3) and (4) jurisdiction.

---

**11.** This issue was neither previously reached by this Court nor considered on appeal by the Ninth Circuit. Furthermore, the § 1292(a)(1) appeal does not affect this Court's continuing jurisdiction over this issue. *See* C. Wright & A. Miller, 11 Federal Practice and Procedure: Civil § 2962, at 631 (1973).